1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL BERNADINI,

11            Petitioner,                      No. 2:12-cv-1597 CKD P

12        vs.

13   V. SINGH, et al.,

14            Respondents.              ORDER &

15                                      FINDINGS AND RECOMMENDATIONS

16   _____/

17            Petitioner is a state prisoner proceeding pro se.  He seeks a writ of mandate

18   pursuant to 28 U.S.C. § 1651 and has requested authority pursuant to 28 U.S.C. § 1915 to

19   proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302

20   pursuant to 28 U.S.C. § 636(b)(1).

21            Petitioner has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Although petitioner seeks a writ of mandate, for screening purposes the court will

24   treat the instant petition as arising under 28 U.S.C. § 2254 .  Rule 4 of the Rules Governing

25   Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition

26   "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

1

1   petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the

2   petition that petitioner is not entitled to the relief he seeks.

3          Petitioner seeks a writ of mandate from this court ordering various kinds of relief.

4   He asks the court to direct a superior court judge to "recall petitioner's commitment for his

5   illegal convictions and sentencing on May 20, 2011 and August 10, 2011.  And to order that

6   Warden Singh temporarily release petitioner indefinitely" or that "his sentence be reduced [five]

7   or more years[.]"  (Dkt. No. 1. at 2.)  He also claims that he was recently "attacked without

8   provocation" by various persons and alleges that his "life is in imminent danger" because prison

9   officials are not protecting him against "similar attacks, assaults, sexual assaults," and other

10  dangers including "false imprisonment, . . . maiming, [and] torture."  (Id. at 3.)  Petitioner also

11  asserts that he is not receiving adequate medical and dental treatment.  (Id. at .)  He seeks an

12  order allowing him to testify at an "emergency hearing" on these and other issues, as well as

13  relief from his conviction and sentence as noted above.  (Id. at 8.)

14         The All Writs Act, 28 U.S.C. § 1651 provides that "[t]he Supreme Court and all

15  courts established by Act of Congress may issue all writs necessary or appropriate in aid of their

16  respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

17  The All Writs Act does not confer original jurisdiction on federal courts, but may be invoked

18  only to aid already existing jurisdiction. 28 U.S.C. § 1651(a).  In the event that jurisdiction is

19  properly pled, "injunctive relief under the All Writs Act is to be used sparingly and only in the

20  most critical and exigent circumstances." Brown v. Gilmore, 533 U.S. 1301 (2001) (internal

21  quotations and citations omitted).  "Such an injunction is appropriate only if the legal rights at

22  issue are indisputably clear." Id. (internal quotations and citations omitted).

23         Here, petitioner's conclusory allegations do not qualify for writ relief.  If

24  petitioner seeks to challenge the validity of his confinement (i.e., his conviction and sentence), he

25  may proceed by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Preiser

26  v. Rodriguez, 411 U.S. 475, 484 (1973).  In contrast, petitioner's challenges to his conditions of

1  confinement are properly the subject of an action brought pursuant to 42 U.S.C. § 1983.  Such

2  actions have different procedural and exhaustion requirements, and are governed by a different

3  body of substantive law, than actions seeking a federal writ of habeas corpus.  See Muhammad v.

4  Close, 540 U.S.749, 750-751 (2004) (per curiam).  The court will recommend that the instant

5  petition be summarily dismissed pursuant to Rule 4.

6               In accordance with the above, IT IS HEREBY ORDERED that:

7               1.  Petitioner's request for leave to proceed in forma pauperis is granted.

8               2. A district judge be assigned to this action.

9               IT IS HEREBY RECOMMENDED THAT the petition (Dkt. No. 1) be summarily

10  dismissed pursuant to Rule 4.

11               These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13  one days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

16  may address whether a certificate of appealability should issue in the event he files an appeal of

17  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

18  court must issue or deny a certificate of appealability when it enters a final order adverse to the

19  applicant).  Any reply to the objections shall be served and filed within fourteen days after

20  service of the objections.  The parties are advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

22  F.2d 1153 (9th Cir. 1991).

23   Dated: June 21, 2012

24                                        _____
                                         CAROLYN K. DELANEY
25                                       UNITED STATES MAGISTRATE JUDGE

26  2 - bern1597.R4_writ